UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERONE McNULTY | CIVIL ACTION |
| VERSUS | NO. 05-0604 |
| YELLOW TRANSPORTATION, INC., AND BREDE/ALLIED, INC. | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by Defendant Yellow Transportation, Inc. (Rec. Doc. No. 19) on March 28, 2006. The Court has found that no genuine issue of material fact exists with regard to whether Defendant breached any duty it may have owed to Plaintiff, Gerone McNulty. Accordingly, as stated herein, Defendant's motion is **GRANTED**.

## Background

Plaintiff, an employee of Maloney Production, alleges that he was injured on or about December 2, 2004, while unloading a crate from a tractor trailer owed by Defendant Yellow Transportation, Inc. ("Yellow") and leased to Brede/Allied, Inc. Plaintiff's petition alleges that he

fell and was injured because his pants caught on a piece of "unfinished loose" plywood located inside the trailer of the truck.  *See* Plaintiff's Petition at ¶3.

## Law and Analysis

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence if sufficient to permit

3

a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Here, the affidavit of James Shelton, the Equipment Services Manager for Yellow, states that he personally completed a "walk through" inspection of the interior of the trailer on or about October 29, 2004, and "did not observe any conditions that needed repair, or any dangerous conditions inside the trailer. . . . []  Had I noted a condition requiring repair or preventative maintenance, I would have made a notation." *See* Affidavit of James Shelton at ¶¶5-6, Exhibit C to Yellow's Memorandum in Support of Motion for Summary Judgment.  Regarding certain photographs provided to him by Plaintiff's counsel, Mr. Shelton's affidavit states that "if the subject trailer is the trailer in the photographs, then relying upon my twenty-nine years of inspecting similar show-trailers, the interior of the trailer was in ordinary and acceptable condition for show trailers." *Id.* at ¶12.  The affidavit also indicates that Mr. Shelton was never notified, after his October 29, 2004 inspection, that the trailer was damaged or required repair. *Id.* at ¶8.

Plaintiff offers no countervailing evidence to demonstrate that the trailer in question was not turned over to the lessee, Brede, in a condition fit for its intended purpose.  Specifically, Plaintiff did not submit an affidavit or any deposition testimony contradicting Mr. Shelton's affidavit.  Although Plaintiff did attach copies of photographs to his opposition memorandum, the quality of the copies provided directly to the undersigned is too poor to provide any significant information about the condition of the trailer to the Court.  Furthermore, even if the originals or better copies of the photographs exist, Plaintiff has made no effort to authenticate the pictures and to properly explain how they refute the assertions in Mr. Shelton's affidavit so as to create a genuine

4

issue of material fact regarding the trailer's condition at the time of his accident, as is required by Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff likewise has produced no evidence suggesting that Yellow was informed that its trailer required repair between the time of Mr. Shelton's inspection and Plaintiff's accident.  Thus, the Court finds that Defendant has satisfied its Rule 56 duty by pointing out that the evidence in the record contains insufficient proof concerning an essential element of the Plaintiff's claim.

### **Conclusion**

For the reasons stated herein, the Court has determined that Plaintiff has not demonstrated that a genuine issue of material facts exists so as to preclude summary judgment in favor of Defendant Yellow Transportation, Inc.,  Accordingly, **IT IS ORDERED** that the motion for summary judgment filed by Defendant Yellow Transportation, Inc., is **GRANTED**.

New Orleans, Louisiana, this   31st   day of May 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**